*In the matter of the Estate of* JACINTO TEXIDOR, *deceased.*

In the case of a foreign will, it is the usage to grant administration with the will annexed to the attorney in fact of the foreign executor. If there be no one authorised to apply as such attorney, letters issue according to the statute, to the legatees, widow, and next of kin. The grant of administration is regulated by the law of the place where the assets are situated.

J. N. BALESTIER, *for Petitioner.*
T. SEDGWICK, *for Contestant.*

THE SURROGATE.—The attorney of the foreign executor, having presented for probate a foreign exemplification of the will, and a power of attorney, authorising administration with the will annexed, a resident debtor objects to the issuing of letters, on the ground that, by the law of the testator's domicil, Porto Rico, foreign assets cannot be collected by the executors without the special authorisation of the testamentary tribunal of the domicil, unless the will expressly authorises such collection. So far as there is any evidence of the existing law of Porto Rico on this subject, as I understand it, the want of authority in the executors to collect foreign assets without the sanction of the courts in Porto Rico, relates only to a collection of the foreign

debts without the intervention of administration. Our law goes beyond that; and, even with such a special authorisation, the executor cannot collect the assets here, unless he takes out letters. All this, however, is aside of the question of the grant of administration, which is governed by the law of this place, and not by that of Porto Rico. Administration with the will annexed, belongs, as a matter of right, by our statute, to the parties interested under the will, or the next of kin of the testator, in a certain prescribed order. It is true that, as a matter of comity, the custom has prevailed in this court, time out of mind, to grant letters to the attorney of the foreign executor; but if no such application be made, administration must go according to the statute. If the power now produced were insufficient, then I would have to treat the case the same as if there were no application on the part of the foreign executors, and grant administration under the statute; and in that view, the applicant being the husband of one of the residuary legatees, and all the other parties in interest being non-resident aliens, he would be entitled to letters, without claiming under the power.

But I think the power quite sufficient to justify administration, on the ground that the will authorises the collection of foreign assets. The will, in speaking of certain notes, requires the executors to "take the necessary steps to collect the same, as well as *all other sums which may be due*" the testator. It directs the executors "to present exact reports of what is found in money and in documents, for due record;" confers upon them "full powers, that after his death they may enter upon his property, and dispose of the moveable part thereof;" and expressly mentions in terms the testator's accounts with commercial houses in the United States.

Besides, the present motion relates merely to administration, and not to distribution; and if the objection be valid against the grant to the attorney of the executors, then legatees, next of kin, the public administrator, or

creditors, may intervene. It is, I believe, universal law, that the distribution is governed by the law of the domicil, and the grant of administration by the *lex loci rei sitæ.* There can be no risk, therefore, in the debtor paying the administrator here. The administrator obtains his authority from the surrogate, and that affords protection to the testator's debtors resident here, according to the established rules respecting the administration of the estates of deceased persons, prevailing wherever the civil law governs. There seems, therefore, to be no reasonable ground for delaying the issuing of letters.