NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1884.

HENDRICKSON v. LADD.

*In the matter of the estate of* WILLIAM H. LADD, *deceased.*

A failure to allege indebtedness of decedent to creditors within this State is fatal to the effectiveness of a petition for ancillary letters upon his estate.

Code Civ. Pro., ch. 18, tit. 3, art. 7 contains no authority for the grant of letters of administration with the will of a decedent annexed, to one upon her claim of right as his widow and residuary legatee.

In the absence of a claim by a foreign domiciliary executor or administrator, letters of administration with the will of his decedent annexed may, under the Code of Civil Procedure as formerly, be granted in conformity to the provisions of our laws as to domestic administration.

The will of decedent was a foreign one, proved in California under such circumstances as to entitle it to be recorded under Code Civ. Pro., § 2695. It was so recorded. Unadministered assets existed in New York county. A renunciation by the foreign executors was filed with the Surrogate. The widow and legatee of decedent, having asked, in her capacity as such, to be appointed ancillary administratrix with the will annexed, without alleging any indebtedness of decedent to creditors in this State, received, in her capacity as widow and legatee, letters of administration with the will annexed, in the ordinary form of local or domiciliary letters, except that they were stated to be issued upon an exemplified copy of the will and the renunciation of the executors.—

*Held*, that such letters were principal and not ancillary in their character; and conferred authority upon the recipient to institute a special proceeding for the disposition of decedent's real property, under Code Civ. Pro., ch. 18, tit. 5.

APPLICATION by Ellen Ladd, as administratrix with the will of decedent annexed, for leave to mort-

gage, lease or sell decedent's real property under title 5 of chapter 18 of the Code of Civil Procedure ; a sale having been had, certain of the purchasers, including Albert W. Hendrickson, objected to the title upon grounds which appear in the opinion.

THOMAS BRENNAN, *for administratrix.*

J. T MAREAN, *for Mary Lennon and another, purchasers.*

F. W. TABER, *for John Roche, purchaser.*

N. A. McBRIDE, *for A. W. Hendrickson and another, purchasers.*

THE SURROGATE.—This is a proceeding under chapter 18, title 5, of the Code of Civil Procedure, for the disposition of certain real property whereof the decedent died possessed. Under a decree directing the sale of such property, sale has been made of it. Certain of the purchasers refused, upon several grounds, to take title. Only one of these grounds seems to demand serious consideration. It is insisted that the person at whose instance this proceeding was brought, is ancillary administratrix of the estate, and has been and is acting under ancillary letters of administration with the will annexed, and that, as such, she has no authority to institute this proceeding. It is not open to dispute that, from the holder of ancillary letters, such authority is expressly withheld by § 2702 of the Code of Civil Procedure. It, therefore, becomes important to inquire—

1st. Whether the proceedings which culminated in the issuance of letters to this petitioner disclosed such facts as justified the issuance of ancillary letters ;

2nd. Whether the letters which were granted her were, in form or in substance, ancillary letters ; and,

3rd. If such letters are to be deemed principal and not ancillary, was their issuance warranted upon the facts which were disclosed by the petitioner in her application for them?

*First.* The petition in this proceeding for the disposition of certain real property of the decedent in the State of New York was filed on the 15th of November, 1882. It alleged that the petitioner was granted letters of administration, with the will annexed, on the 14th of September, then next preceding, and declared that she had accepted the trust and was discharging its duties. It further alleged that such letters had been granted upon proof of her testator's will by the production and filing of exemplifications of such will, and of the proceedings for probate thereon in the Probate court of the county of San Francisco in the state of California.

Upon referring to a certain petition filed in this court on the 5th of July, 1882, and containing the original application for letters, it appears that the applicant, Ellen Ladd, there declared herself to be the widow of the decedent and residuary legatee under his will. She alleged the fact of his death, and of his leaving, him surviving, herself as his widow and two minor children. She alleged also that the will had been admitted to probate in this court; that the three executors whom it named had renounced their trusts, and that there were certain assets of the estate yet unadministered. The petition prayed for her appointment as ancillary administratrix with the will annexed. At the same time there were filed with the Surrogate the proofs of the will and the decree admitting it to probate, properly exemplified and authenticated, and an instrument where-

by the executors renounced their right to administer in
the State of New York.   The will was here recorded as
a will of real and personal property.   On July 21st,
1882, no letters having up. to that time been granted,
another petition was presented to the Surrogate by the
same petitioner.   She again described herself as the
widow of the decedent, and residuary legatee.   She al-
leged that, at his death, he left personal prop-
erty in this county of the value of $400,
which had not been administered upon ; that
the three executors designated in the will were all
non-residents of this State; that they had all qualified
in California; that two of them had been discharged;
that the third had resigned; and that all of them re-
fused to take any steps for proving the will or for tak-
ing letters of administration in this State.   The petition
prayed for the probate of the will, the issuance of testa-
mentary letters thereon according to law, and for general
relief.   It was accompanied by an order of the Probate
court of the county of San Francisco, in the state of
California, revoking the letters of two of the executors.
On September 6th, 1882, an instrument dated August
3rd, 1882, executed by the three executors named in
the will, renouncing their appointments as such execu-
tors, was filed with the Surrogate.   Letters of adminis-
tration with the will annexed, in the ordinary form of
local or domiciliary letters (except that they purported
to be issued upon an exemplified copy of the decedent's
will and upon the renunciation of the executors), were,
on the 14th of September, 1882, issued to the petitioner,
in her right as widow and residuary legatee under the
will.   In neither of these applications for letters was

any mention made of the existence of creditors of the decedent in this State. In the first, indeed, there was no allegation that there were any assets of the estate in this county. The bond which the petitioner gave, although prepared and partly executed on July 5th, 1882, was not completed until September 13th, 1882, the day before the issuance of letters.

The first of these petitions, although in form it asked for the granting of ancillary letters, entitled the petitioner rather to principal letters than to ancillary. Its failure to allege indebtedness of the decedent to creditors in this State was fatal to its effectiveness, considered as an application for the letters ancillary for which it formally prayed (Estate of Winnington, *1 Civ. Pro. R., 267*). The petition subsequently filed was equally defective as a foundation for the issuance of ancillary letters. It evidently was its purpose, however, not to secure letters ancillary, but rather to correct the prayer of the former petition in that very regard. Now, whether this second petition is to be regarded as having taken the place of the other or as supplementing it, or whether the letters subsequently issued solely depend upon the petition first filed, it seems to me that no case was made out for the grant of ancillary letters, but rather for the grant of original or principal letters.

*Second.* This brings us to the inquiry, what is the nature of the letters actually issued. It is admitted that they are not in form ancillary, but it is claimed that they substantially have that character. The will was a foreign one, first proved, as has been said, in the state of California, under such circumstances as

entitled it, under § 2695 of the Code of Civil Procedure, to be recorded in the Surrogate's office here. Unadministered assets of the decedent were here in existence. An exemplified copy of the will and of the proofs, and of the decree admitting it to probate had been, as has been stated already, filed and recorded in this court. The objectors insist that these letters were issued under and by virtue of the provisions of article 7, title 3, chap. 18 of the Code of Civil Procedure. I do not think that this is the case. I find no section of that article which provides for the issuing of letters of administration with the will annexed to a person standing in the attitude of this petitioner at the time she was granted letters. It was simply upon her claim of right as decedent's widow, and as residuary legatee under his will, that she was granted administration. Section 2695, which provides for the issuance of ancillary letters testamentary or of ancillary letters of administration with the will annexed, covers such cases only as arise upon the making of an application such as is prescribed in article 7, of which that section forms a part. Sections 2696, 2697 and 2698 prescribe who may make *such* an application and to whom it may be granted, and the manner in which it must be made. I am convinced that the petitioner was not, at the time of her application, in a situation to claim ancillary letters under these provisions of law, and that her letters must be deemed original or principal letters, as distinguished from those of an ancillary character.

*Third.* Next comes the question whether the letters held by the petitioner warranted her in instituting this proceeding. Under the laws in force prior to the adop-

tion of the Code, there can be no doubt, I think, that she would, in the absence of an application by a domiciliary executor or administrator, have been entitled to letters of administration, with the will annexed, and that such letters would have been justly regarded as strictly local letters, more especially if there had been no domiciliary letters outstanding at the time of her application.   That, in the absence of a claim by the foreign executor or administrator, letters could be issued under § 60, 3 Rev. Stat., 6th ed., p. 67, to the person entitled to letters of administration, with the will annexed, under the statute making provision with regard to domestic administration, and in the order of priority specified thereunder, and that such letters so issued would be principal and not ancillary letters seems to be recognized by § 34 of the Revised Statutes, 6th ed., p. 76, and by the following authorities : Isham v. Gibbons (*1 Bradf.*, *75, 76, 79*); Russell v. Hartt (*87 N. Y., 24*); St. Jurjo v. Dunscomb (*2 Bradf.*, *105*); Sullivan v. Fosdick (*10 Hun, 180*). Those provisions of the Revised Statutes relating to this subject, as well as chapter 403 of the Laws of 1863, which had some bearing upon it, were repealed by the General Repealing act which ushered in the Code of Civil Procedure.   The substance of the earlier provisions is adopted into and now forms part of § 2695 of the Code. This appears by comparison of the old and the new statutes, and Mr. Throop, in his annotation to the section, declares that no substantial change was intended.

I find nothing in the language of § 2695 which declares an intention on the part of the Legislature to prevent the issuance, under such circumstances as here ap-

pear, of letters of administration with the will annexed, conforming to the requirements of our statute with regard to local administration. The practice existed before the enactment of the Code, and I do not think that the Code abolished it.

I hold, therefore, that the letters held by this petitioner warranted her in instituting this proceeding.